Natalia D. Asbill-Bearor, SBN: 281860
Robin K. Perkins, SBN: 131252
PERKINS ASBILL APLC
707 Commons Drive, Suite 201
Sacramento, CA 95825
Telephone: (916) 446-2000
Facsimile: (916) 447-6400
natalia@perkinsasbill.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TOM HENSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MCKINLEY TRAILER VILLAGE, an Unknown Entity Type;<br><br>THE KAUR GROUP, LLC, a California Limited Liability Corporation;<br><br>NITA DENHOY, an individual;<br><br>BALWANT S. DENHOY, an individual<br><br>　　　　Defendants. | Case No.:<br><br>**PLAINTIFF HENSON'S COMPLAINT FOR:**<br><br>**1. FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA;**<br><br>**2. FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE;**<br><br>**3. FAILURE TO PAY WAGES EARNED;**<br><br>**4. UNLAWFUL RETALIATION IN VIOLATION OF FLSA;**<br><br>**5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.** |

///

1
COMPLAINT

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

COMES NOW PLAINTIFF TOM HENSON (hereinafter "Mr. Henson") alleges against McKinley Trailer Village, The Kaur Group, LLC, N. Denhoy and B. Denhoy (collectively hereinafter as "Defendants") as follows:

## THE PARTIES

1. Mr. Henson is and at all times mentioned herein, a resident of San Joaquin County, and lives in Stockton, California at the McKinley Trailer Parker.  Mr. Henson is further informed, believes and as set forth herein was employed by Defendants Nita Denhoy, an individual, and Balwant S. Denhoy, an individual, at the McKinley Trailer Village as the onsite park manager.

2. Mr. Henson is informed, believes, and thereon alleges that McKinley Trailer Village is located in Stockton, California which is located in San Joaquin County.  McKinley Trailer Village is an unknown entity to this Plaintiff, as there is no fictious business name registration in San Joaquin County and a search of the California Secretary of State does not result in the identification of this business.

3. Mr. Henson is informed, believes, and thereon alleges that THE KAUR GROUP, LLC (hereinafter "KG") is a California Limited Liability Corporation with its principal place of business located in Concord, Contra Costa County, California. Mr. Henson is further informed, believes, and thereon alleges that the business operations of McKinley Trailer Parker is operated through KG.

4. Mr. Henson is informed, believes, and thereon alleges that NITA DENHOY (hereinafter "N. Denhoy") owns McKinley Trailer Village and is responsible for the management and operations of McKinley Trailer Village and is the General Manger for McKinley Trailer Village. Mr. Henson is informed, believes and thereon alleges that N. Denhoy conducts her business operations in Concord, California. Mr. Henson is further informed, believes, and thereon alleges that N. Denhoy is the managing member of KG.

5. Mr. Henson is informed, believes,  and thereon alleges BALWANT S. DENHOY (hereinafter "B. Denhoy") is an individual and is identified on Mr. Henson's paycheck stub as

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

the employer.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.*

7. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. §1367(a) because Mr. Henson's claims under California Labor Code, California Welfare & Institutions Code §15610.30 and California common law form part of the same case or controversy under Article III of the United States Constitution. Mr. Henson's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interest of judicial economy, convenience, and fairness to the parties.

8. Venue is proper in the United States District Court, Eastern District of California, because the events or omissions giving rise to these claims occurred in this District and 38 U.S.C. §4323(c)(2) provides, "[i]n the case of action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business." Defendants maintain a place of business in San Joaquin County located within the City of Stockton, California and Plaintiff, Mr. Henson conducted all his employment within San Joaquin County, Stockton, CA at McKinley Village Park.

## FACTUAL BACKGROUND

9. Mr. Henson is 78 years old and will be 79 years old in January of 2022.

10. Mr. Henson is informed, believes, and thereon alleges that since 1968 his family has had the family mobile home located in McKinley Village on space No. 2. Mr. Henson is informed, believes, and thereon alleges the mobile home is owned by the Henson family trust.

11. Mr. Henson is informed, believes, and thereon alleges that from approximately 1968 – 2002, Mr. Henson's mother, Beulah Meyers, was the onsite property manager for McKinley Trailer Village. Mr. Henson is further informed, believes, and thereon alleges that part and parcel for compensation for the services rendered as the onsite property manager, the

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

property owner provided the space free of rent and Ms. Meyers was not required to pay for utilities.

12. Mr. Henson is informed, believes, and thereon alleges that in 1987 he moved into the family mobile home to care for his elderly mother. In 2002 he took over his mother's duties as the onsite property manager for McKinley Trailer Village. Mr. Henson is informed, believes, and thereon alleges that upon his taking over his mother's duties and responsibilities as the onsite park manager, that the same benefit of space free rent and utilities was provided to Mr. Henson and he would receive a base monthly payment for these services. No written agreement was provided as to this agreement.

13. Mr. Henson is informed, believes, and thereon alleges that he performed the duties as onsite park manager from 2002 – July of 2021. In July 2021, he provided notice that he was resigning from these job duties and responsibilities.

14. Mr. Henson is informed, believes, and thereon alleges that McKinley Trailer Village was sold to the KG in or about March of 2020.

15. Mr. Henson is informed, believes, and thereon alleges prior to the sale transfer of the property that Mr. Henson had an in-person conversation with N. Denhoy about after the transfer of the sale of the property that he would be employed by N. Denhoy to continue to be the onsite park manager, his compensation would be $12 per hour, and he would receive credit for space rent and utilities.

16. Mr. Henson is informed, believes, and thereon alleges that from the time the property transferred to KG/ N. Denhoy's possession in March of 2020 that Mr. Henson continued to perform his duties as onsite park manager.

17. Mr. Henson is informed, believes, and thereon alleges despite completing and timely submitting timesheets for McKinley Trailer Village from March 2, 2020 – October 31, 2020, Mr. Henson never received the agreed upon compensation of $12 per hour. From March 2, 2020 – October 31, 2020, Mr. Henson worked 899 hours. As of the date of this compliant these wages have not been tendered to Mr. Henson despite his repeated requests for payment.

4
COMPLAINT

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

18. Mr. Henson is informed, believes, and thereon alleges in or about November 2020, B. Denhoy commenced tendering paychecks to him for the services he was providing as the onsite park manager.

19. Mr. Henson is informed, believes, and thereon alleges that his paycheck stubs issued by B. Denhoy showed that amount of housing/lodging fringe benefit provided to Mr. Henson for utilization of space No. 2 was $677.76 a month.

20. Mr. Henson is informed, believes, and thereon alleges that in or about May 2021 he had a conversation with N. Denhoy about her purchasing his mobile home and paying him for the hours that he worked from March 2020 – October 2020. Mr. Henson is informed, believes, and thereon alleges that N. Denhoy indicated she was interested in purchasing his mobile home for $40,000 and that her group would have the purchase documents drawn up.

21. Mr. Henson is informed, believes, and thereon alleges that he provided all the documentation necessary to timely complete the sale of mobile home and had indicated that the close should be the end of June 2021.

22. Mr. Henson is informed, believes, and thereon alleges on or about Wednesday, May 19, 2021, he was informed, by email, that he would have a sale contract by Monday, May 24, 2021. On Monday, May 24, 2021, Mr. Henson did not receive a sales contract.

23. Mr. Henson is informed, believes, and thereon alleges that on or about July 1, 2021, he received an email from N. Denhoy who indicated that they were in the process of completing the sales contract and separation from employment agreement.

24. Mr. Henson is informed, believes, and thereon alleges that on or about July 2, 2021, he was presented with a sales contract that indicated that he would need to turn over full possession of the mobile home to N. Denhoy on July 6, 2021.

25. Mr. Henson is informed, believes, and thereon alleges that on July 6, 2021, he notified N. Denhoy that he was not going to proceed forward with the sale of his mobile home and instead was applying alongside a roommate for tenancy within the park.

26. Mr. Henson is informed, believes, and thereon alleges that on or about June 30,

5
COMPLAINT
Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

2021, he submitted an application for tenancy for space No. 2 within McKinley Trailer Village. Mr. Henson is further informed, believes, and thereon alleges that on July 9, 2021 he submitted the financial documents requested to support his application for tenancy. Mr. Henson is further informed, believes, and thereon alleges that shortly thereafter he was informed his application was approved and that a written rental agreement with be forth coming. As of this date no written rental agreement was provided to Mr. Henson in compliance with California Civil Code section 798.15 which requires that any rental agreement shall be in writing. (Cal.Civ.C. §798.15.)

27. Mr. Henson is informed, believes, and thereon alleges that on or about July 22, 2021 he provided notice to N. Denhoy that he would no longer perform onsite park manger duties starting on July 26, 2021.

28. Mr. Henson is informed, believes, and thereon alleges that part and parcel of his duties as the onsite park manager was to collect rent from the tenants. In this regard, Mr. Henson was provided with a monthly report which showed what each spaced owed for rent and utilities. The space rent excluding utilities varied from $367 - $500 with $500 being the highest amount being paid by a mobile home park resident.

29. Mr. Henson is informed, believes, and thereon alleges that on August 5, 2021, he tendered a rent check to McKinley Trailer Village in the amount of $500. This check was accepted, and the funds drawn off of Mr. Henson's bank account on August 8, 2021. Mr. Henson is further informed, believes, and thereon alleges he tendered rent to McKinley Trailer Village for the months of September, October and November in the amount of $500, each check was accepted, and the funds withdrawn from his bank account.

30. Mr. Henson is informed, believes, and thereon alleges that after the sale of the mobile home fell through that there was no further conversation from Defendants as it related to the wage still due and owing to Mr. Henson.

31. Mr. Henson is informed, believes, and thereon alleges because he still had not been compensated for his wages and because no written rental agreement had been provided to

6
COMPLAINT

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

him, he contacted counsel. On or about September 3, 2021, Mr. Henson's counsel sent a letter to N. Denhoy placing her on notice of Mr. Henson's intent to move forward with his wage claim.

32. Mr. Henson is informed, believes, and thereon alleges that after his counsel sent correspondence to N. Denhoy that a rent bill was provided to him that indicated that he was to pay $1,800 a month for space rent for June 22nd – July 26th. This amount of space rent is 350% above the rate of the highest paying renter in this mobile home park.

33. Mr. Henson is informed, believes, and thereon alleges that on or about October 3, 2021, his counsel sent additional correspondence to N. Denhoy setting forth the wage and hour violations and asserting that the $1,800 monthly charge for space rent was in retaliation for Mr. Henson's protected activity of seeking payment of his wages for work performed.

34. Mr. Henson is informed, believes, and thereon alleges that on or about October 14, 2021, he was served with a 15-day notice to pay or quit. Mr. Henson is further informed, believes, and thereon alleges that Defendants did not take action upon this 15-day notice because counsel for the parties were attempting resolution of the dispute.

35. Mr. Henson is informed, believes, and thereon alleges that on or about 8:00 p.m. on Friday, November 12, 2021, a second 15-day notice to pay or quit was served on him. This notice demanded payment of $5,824.94. Mr. Henson is further informed, believes, and thereon alleges that counsel for N. Denhoy indicated that this second 15-day notice would not be withdrawn and that if the full funds were not received Defendants would proceed forward with an unlawful detainer action.

36. Mr. Henson is informed, believes, and thereon alleges that during the process of negotiating the potential sale of the mobile home and residential application that he shared significant information as it related to his financial condition. Mr. Henson is further informed, believes, and thereon alleges that N. Denhoy is attempting to collect $1,800 a month for space rent because she believes that Mr. Henson has the financial resources to pay this amount of rent.

///

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

7
COMPLAINT

## FIRST CAUSE OF ACTION

*(Failure to Pay Minimum Wage in Violation of FLSA)*

37. Mr. Henson re-alleges and incorporates by all pervious allegations as though fully set forth herein.

38. The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.,* applied to Mr. Henson's employment with Defendants at all times relevant herein.

39. Section 206 of the FLSA, 29 U.S.C. §206(a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. Section 218 of the FLSA, 29 U.S.C. §218(1), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum.  During the relevant time period the federal minimum wage was $7.25 per hour.

40. From March 2020 through October 31, 2020, Mr. Henson was not paid any wages for the work that he performed for Defendants.

41. Defendants intentionally, with reckless disregard for its/their responsibilities under FLSA, and without good cause, failed to pay Mr. Henson his proper wages. Defendants are thus liable to Mr. Henson for liquidated damages in an amount equal to his lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§216(b) and 225(a).

42. Mr. Henson was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Mr. Henson prays for judgment against Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

*(Failure to Pay Minimum Wage – Cal. Labor Code §1194)*

43. Mr. Henson re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

44. Mr. Henson is informed, believes, and thereon alleges that Defendants owe

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

him wages for work performed, but have never tendered payment for those wages at the minimum wage rate required by state law.

45. Mr. Henson is informed, believes, and thereon alleges that he performed employment services (work) for the Defendants.

46. Mr. Henson is informed, believes, and thereon alleges he was not paid any compensation which is less than the minimum wage he was entitled to.

47. Mr. Henson is informed, believes, and thereon alleges that he is owed wages in amount to be determined according to proof at trial of this matter.

WHEREFORE, Mr. Henson prays for judgment against Defendants as hereinafter set forth.

## THIRD CAUSE OF ACTION

*(Failure to Pay Wages Earned in Violation of California Labor Code §§ 201 – 203, 206(a), 221 and 558.1 Against All Defendants)*

48. Mr. Henson hereby realleges and incorporates by reference all previous allegations as though set forth herein.

49. Labor Code sections 201 and 202 requires Defendants to pay its employees all wages due immediately upon involuntary discharge or layoff of an employee, and within 72 hours of an employee's voluntary termination of employment. Labor Code sections provide that if an employer willfully fails to timely pay such wages due the employer must, as a penalty, continue to pay the subject employees until the back wages are paid in full or an action is commenced. The penalty cannot exceed a maximum of 30 days wages.

50. As alleged above, Mr. Henson is entitled to compensation for wages earned but not paid; to date he has not received such compensation. Mr. Henson's employment with Defendants was terminated more than three (3) days ago. Due to Defendants' willful conduct in not paying wages owed after Mr. Henson's separation from employment, Mr. Henson is entitled to up to thirty (30) days wages as a penalty under Labor Code section 203, with interest thereon and attorney's fees and costs.

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

51. As a result of the violations described herein, Mr. Henson has suffered damages in an amount according to proof at trial and in excess of the jurisdictional minimum of this Court.

52. California Labor Code section 558.1 was in affect at material times and in pertinent part provides:

> *(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated…Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violations.*
>
> *(b) For purposes of this section, the term other person acting on behalf of an employer is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term managing agent has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.*

WHEREFORE, Mr. Henson prays for judgment against Defendants as hereinafter set forth.

## FOURTH CAUSE OF ACTION

*(Unlawful Retaliation In Violation of FLSA)*

53. Mr. Henson re-alleges and incorporates by reference all previous allegations as though fully set forth herein.

54. The FLSA applied to Mr. Henson's employment with Defendants at all times relevant herein.

55. Section 215(a)(3) of the FLSA, 29 U.S.C. §215(a)(3), prohibits retaliation against an employee or former employee because he has an asserted right afforded to him under the act. The U.S. Department of Labor has expressly stated that Section 15(a)(3) of FLSA applies to protect a former employee from retaliation from a former employer. (DOL Fact Sheet #77A.)

56. Mr. Henson has been attempting to recover his unpaid wages from Defendants. On or about September 3, 2021, Defendants were notified that Mr. Henson had retained counsel as it related to his unpaid wages.

57. Mr. Henson is informed, believes, and thereon alleges that after Defendants

10
COMPLAINT

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

received the letter from his attorney that he was notified that his space rent would be $1,800 a month. This amount of space rent is approximately 350% higher than anyone else in the park is required to pay.

58. Mr. Henson is informed, believes, and thereon alleges that in continued retaliation for his protected activity that Defendants on November 12th served a 15-day notice to pay or quit his tenancy within the trailer park.

59. Mr. Henson is informed, believes, and thereon alleges that the conduct of Defendants constitutes an adverse employment action.

60. As a direct, foreseeable, and proximate result of Defendants' actions, Mr. Henson has suffered and will continue to suffer irreparable harm.

61. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendants acted with an improper and evil motive amounting to malice and conscious disregard for Mr. Henson's rights. The acts taken towards Mr. Henson were carried out by Defendants in a deliberate, callous and intentional manner with a desire to injure and damage him.

62. Pursuant to §216(b) of FLSA, Mr. Henson is entitled to legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney's fees and costs.

WHEREFORE, Mr. Henson prays for judgment against Defendants as hereinafter set forth.

## FIFTH CAUSE OF ACTION

*(Intentional Infliction of Emotional Distress- Against Defendant Nita Denhoy)*

63. Mr. Henson hereby re-alleges and incorporates by reference all pervious allegations as though fully set forth herein.

64. Mr. Henson is informed, believes, and thereon alleges that Defendant N. Denhoy acted intentionally to cause his emotional distress.

65. Mr. Henson is informed, believes, and thereon alleges that Defendant N. Denhoy's conduct was extreme and/or outrageous conduct including, but not limited, charging

11
COMPLAINT

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

him rent 350% above market rate and serving him with a 15-day notice to pay or quit despite accepting his monthly rent checks of $500 since August of 2021.

66. Mr. Henson is informed, believes, and thereon alleges that he was harmed and suffered damages including, but not limited to, emotional distress, humiliation, and embarrassment, and other damages both tangible and intangible in excess of the jurisdictional limits of this Court.

67. Mr. Henson is informed, believes, and thereon alleges that Defendant N. Denhoy's conduct as set forth herein and incorporated by reference was and is a substantial factor in causing Mr. Henson's harm.

68. Mr. Henson is informed, believes, and thereon alleges that Defendant N. Denhoy's conduct was willful, wanton, and malicious. Mr. Henson is further informed, believes, and thereon alleges that Defendant N. Denhoy acted with conscious disregard of Mr. Henson's rights and feelings and acted with knowledge of or a reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to Mr. Henson. Mr. Henson is informed, believes, and thereon alleges she is entitled to recover punitive and exemplary damages from Defendant N. Denhoy according to proof at trial.

WHEREFORE, Mr. Henson prays for judgment against Defendant N. Denhoy as hereinafter set forth.

## **SIXTH CAUSE OF ACTION**

*(Negligent Infliction of Emotional Distress Against Defendant N. Denhoy)*

69. Mr. Henson hereby re-alleges and incorporates by reference all pervious allegations as though fully set forth herein.

70. Mr. Henson is informed, believes, and thereon alleges that Defendant N. Denhoy was negligent in her conduct as set forth above and incorporated by reference.

71. Mr. Henson is informed, believes, and thereon alleges that as proximate result of Defendant N. Denhoy's conduct that he has suffered emotional distress.

72. Mr. Henson is informed, believes, and thereon alleges that he was harmed and

12
COMPLAINT

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

suffered damages including, but not limited to, loss of past and future wages, benefits, emotional distress, humiliation, and embarrassment, and other damages both tangible and intangible in excess of the jurisdictional limits of this Court.

73. Mr. Henson is informed, believes, and thereon alleges that Defendant N. Denhoy's conduct as set forth herein and incorporated by reference was and is a substantial factor in causing Mr. Henson's harm.

74. Mr. Henson is informed, believes, and thereon alleges that Defendant N. Denhoy's conduct was willful, wanton, and malicious. Mr. Henson is further informed, believes, and thereon alleges that Defendant N. Denhoy acted with conscious disregard of Mr. Henson's rights and feelings and acted with knowledge of or a reckless disregard for the fact that her conduct was certain to cause injury and/or humiliation to Mr. Henson. Mr. Henson is informed, believes, and thereon alleges he is entitled to recover punitive and exemplary damages from Defendant N. Denhoy according to proof at trial.

WHEREFORE, Mr. Henson prays for judgment against Defendant N. Denhoy as hereinafter set forth.

## **PRAYER**

WHEREFORE, Mr. Henson prays for judgment against the Defendants, as hereinafter set forth:

1. For special damages, where applicable;
2. For general damages, where applicable;
3. For attorneys' fees, where applicable;
4. For prejudgment interest, where applicable;
5. For Civil Penalties, pursuant to Cal. Labor Code §226, subd. (e)(1);
6. For waiting time penalty as provided by Cal. Labor Code §203;
7. For Liquidated Damages, pursuant to 29 U.S.C. §§216(b), 225(a);
8. For costs of suit herein incurred;
9. For declaratory and injunctive relief, where applicable;

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

10. For Temporary Injunctive Relief, where applicable; and

11. For such other and further relief as the court may deem proper

Dated: November 24, 2021

*//s// Natalia D. Asbill-Bearor*
Natalia D. Asbill-Bearor
Attorney for Plaintiff
TOM HENSON

Perkins Asbill, APLC
707 Commons Drive
Suite 201
Sacramento, CA 95825
916.446.2000
www.perkinsasbill.com

14
COMPLAINT