UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TOM HENSON,<br><br>          Plaintiff,<br><br>     v.<br><br>MCKINLEY TRAILER VILLAGE, an Unknown Entity Type; THE KAUR GROUP, LLC, a California Limited Liability Corporation; NITA DENHOY, an individual; BALWANT S. DENHOY, an individual,<br><br>          Defendants. | No. 2:21-cv-02189 WBS AC<br><br>ORDER RE: MOTION FOR <u>TEMPORARY RESTRAINING ORDER</u> |

----oo0oo----

Plaintiff Tom Henson filed this action on November 24, 2021 alleging various state and federal claims against defendants based on the alleged failure to pay wages and alleged retaliation against him for seeking these wages, including charging him an excessively high monthly "space rent" for his trailer home which is located in the McKinley Trailer Village.  (Docket No. 1.) Plaintiff then moved for a temporary restraining order on

1

1  November 26, 2021, seeking to enjoin defendants from terminating
2  plaintiff's residency at the McKinley Trailer Village pending
3  this suit.  (Docket No. 3.)
4       The court notes that defendants have served two 15-day
5  notices to pay or quit on plaintiff.  One of these notices was
6  served on or about October 14, 2021, and defendants did not take
7  action on this notice, purportedly because of discussions between
8  counsel for plaintiff and counsel for defendants.  (Docket No. 3-
9  2 ¶ 27.)  The second notice was served on or about November 12,
10 2021 (Docket No. 3-2 ¶ 28), and thus the deadline on that one
11 appears to have passed on November 27, 2021.  However, counsel
12 for both sides have been in discussions since at least about
13 October 12, 2021, and plaintiff's counsel was told as early as
14 November 18, 2021 that defendants would not withdraw the second
15 15-day notice.  (Docket No. 3-3 ¶¶ 7-14.)
16      Notwithstanding these ongoing communications,
17 plaintiff's counsel waited until the Wednesday before
18 Thanksgiving, almost a week later, to file the complaint, and
19 then the Friday after Thanksgiving to file the motion for a
20 temporary restraining order.  Further, in assessing the immediacy
21 of the threatened injury and irreparable harm the court cannot
22 ignore the fact that plaintiff's mobile home, which has been in
23 place since 1968 (Docket No. 3-2 ¶ 2), almost certainly cannot be
24 simply moved immediately.
25      Under these circumstances, plaintiff has not shown
26 specific facts clearly showing that immediate and irreparable
27 injury will result before defendants can be heard in opposition.
28 See Fed. R. Civ. P. 65 (b)(1)(A); see also Lydo Enters. v. City

of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) (delay in seeking preliminary injunction is a factor to be considered in weighing the propriety of relief, because "[b]y sleeping on its rights a plaintiff demonstrates the lack of need for speedy action" (citations omitted)); E.D. Local Rule 231(b) (court will consider whether applicant seeking a temporary restraining order "could have sought relief by motion for preliminary junction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order," and undue delay may constitute grounds to deny the request).

        IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order (Docket No. 3) be, and the same hereby is, DENIED.

Dated:   November 30, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE